**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2271-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MELVIN M. SOLOMON,

     Defendant-Appellant.

_____

Submitted January 23, 2019 – Decided February 4, 2019

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 10-10-1103.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel; William P. Welaj, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Melvin M. Solomon appeals from a November 14, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On January 15, 2010, defendant entered Beneficial Bank in Cinnaminson Township wearing a gas mask and demanded money from a teller in a threatening manner. After the teller gave him the money, defendant fled the bank but later surrendered to the police after a warrant was issued for his arrest.

In an October 26, 2010 indictment, defendant was charged with one count of second-degree robbery, N.J.S.A. 2C:15-1(a)(2) (count one), and one count of the first-degree offense of employing a juvenile in the commission of a crime, N.J.S.A. 2C:24-9(a) (count two). On the first day of trial, the court granted the State's motion to dismiss count two, and defendant pled guilty to count one pursuant to an "open plea," which was not conditioned on his acceptance and entry into the Drug Court program.[1]

Sentencing was delayed to permit defendant to apply for entry into the Drug Court program. After the court affirmed defendant's denial into the

---

[1] An "open plea" is a plea "that d[oes] not include a recommendation from the State, nor a prior indication from the court, regarding sentence." State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012)(citation omitted).

program, defendant appeared for sentencing. At sentencing, defendant's trial counsel represented that the presentence report was accurate, with the exception of a jail credit issue. However, the presentence report erroneously stated that defendant was found guilty of robbery in the Philadelphia Court of Common Pleas in 1993. The disposition sheet from that court confirmed that defendant actually was found guilty of terroristic threats, but was found not guilty of the robbery charge.

Counsel argued that mitigating factors seven (no history of criminal activity or led a law-abiding life for a substantial period before offense) and ten (particularly likely to respond affirmatively to probationary treatment), N.J.S.A. 2C:44-1(b)(7) and (10), applied. He explained that defendant had lived a substantially law-abiding life, but had suffered from a serious cocaine addiction at the time of the robbery. He also noted that defendant, a veteran, had previously complied with treatment for post-traumatic stress disorder (PTSD).

The court found that aggravating factors three (risk of reoffending), six (extent of prior criminal record and seriousness of the offenses), and nine (need for deterrence), N.J.S.A. 2C:44-1(a)(3), (6), (9), applied. It also agreed with defense counsel that mitigating factors seven and ten applied, and

3

recognized defendant's PTSD, substance abuse issues, prior service with the City of Philadelphia Fire Department, and his honorable discharge from the United States Marines Corps. It further found mitigating factor six (defendant will compensate the victim), N.J.S.A. 2C:44-1(b)(6), applied since defendant was ordered to pay restitution to the bank.

After balancing the aggravating and mitigating factors, the court concluded that the aggravating factors outweighed the mitigating factors. The court sentenced defendant to six years in state prison with an 85% parole disqualifier, and three years parole supervision upon release. Defendant was also ordered to pay fines, penalties, and restitution in the amount of $6272 to Beneficial Bank.

Defendant appealed his sentence. We affirmed the court's decision to deny defendant's entry into the Drug Court program, but remanded for resentencing because the court's findings on aggravating factor six and mitigating factor seven were "facially irreconcilable," and because mitigating factor ten was "not applicable as a matter of law" since "defendant was

4

sentenced to prison for a crime that has a presumption of incarceration." State v. Solomon, No. A-4402-14 (App. Div. Oct. 28, 2015).[2]

At resentencing, the court reduced defendant's custodial sentence from six years to five years, with an 85% parole disqualifier. The court found that aggravating factors three and nine applied, but that aggravating factor six was inapplicable since defendant had not been convicted of robbery in Pennsylvania. It also found that mitigating factors six and seven applied, but that mitigating factor ten did not.

Defendant again appealed his sentence and we affirmed, but remanded for the "entry of a corrected judgment of conviction to include the proper number of jail credits . . . and/or gap-time credits . . . ." State v. Solomon, No. A–2022-15 (App. Div. May 4, 2016). The Supreme Court denied defendant's petition for certification on June 3, 2016. State v. Solomon, 226 N.J. 212 (2016). On June 10, 2016, defendant's judgment of conviction was amended to reflect his entitlement to 212 days of jail credits and 329 days of service credit.

---

[2] Our October 28, 2015 order, and the Supreme Court's June 1, 2016 order denying certification, incorrectly spelled defendant's surname as Soloman.

Defendant filed a timely pro se PCR petition on January 18, 2017. In July 2017, assigned counsel filed an amended petition and a brief, and defendant submitted a certification in further support of his petition.

PCR counsel maintained that defendant received ineffective assistance of counsel at sentencing because trial counsel failed to investigate and raise mitigating factors four (substantial grounds tending to excuse or justify defendant's conduct), eight (defendant's conduct resulted from circumstances unlikely to recur), nine (defendant's character and attitude indicate he or she is unlikely to commit another offense), and ten, N.J.S.A. 2C:44-1(b)(4), (8), (9), (10). PCR counsel further asserted that trial counsel should have submitted defendant's medical records and letters from friends and family concerning his good character to the sentencing court.

Although he had signed a release form, defendant certified that he did not know if counsel obtained his medical records, and that counsel "never discussed the possibility of presenting mitigating evidence to the court" with him. Finally, PCR counsel maintained an evidentiary hearing was warranted to address counsel's ineffective representation.

After hearing oral arguments, the court reserved decision. On November 14, 2017, Judge Philip E. Haines, who presided over both sentencing hearings,

rendered a nine-page written opinion and order and concluded that defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987), and denied his request for an evidentiary hearing.

The court concluded that although counsel did not specifically identify mitigating factors four, eight, and nine, trial counsel brought relevant supporting facts to the court's attention at both the initial sentencing and resentencing proceedings, including defendant's mental health and substance abuse disorders, compliance with treatment, and his having led a substantially law-abiding life. Judge Haines also found that defendant had not demonstrated that his sentence would have been any different if counsel had specifically identified those mitigating factors, as the sentencing court considered the relevant facts and still did not conclude that mitigating factors four, eight, or nine applied.

As to mitigating factor ten, Judge Haines noted that, contrary to defendant's claims, his trial counsel specifically raised and argued for consideration of that factor. In addition, the court explained that we determined in our October 28, 2015 order that mitigating factor ten was

7

inapplicable because defendant was sentenced for a crime that carried a presumption of incarceration. Judge Haines also rejected defendant's claim that his trial counsel was ineffective for failing to argue relevant non-statutory mitigating factors, such as his military service and employment with the City of Philadelphia Fire Department, because trial counsel actually raised those facts to the sentencing court.

Judge Haines disagreed with defendant's claim that he was "denied adequate representation because [trial counsel] failed to correct" the erroneous statement in the presentencing report that he had been convicted of a robbery. Judge Haines explained that plaintiff was not prejudiced by counsel's error because we reversed his initial sentence based on the first sentencing court's reliance on the robbery conviction to support aggravating factor six.

At resentencing, the court concluded aggravating factor six did not apply and resentenced defendant to a decreased term of incarceration, from six years to five years. Finally, Judge Haines determined that an evidentiary hearing was not required because plaintiff failed to establish a prima facie case of ineffective assistance of counsel and the petition could be decided on the "filed papers, transcripts, and oral arguments of counsel," and without testimony.

On appeal, defendant raises the following points:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SINCE THE DEFENDANT FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AT SENTENCING, THEREBY DENYING TO HIM AN OPPORTUNITY TO RECEIVE A SENTENCE COMMENSURATE WITH A THIRD DEGREE OFFENSE, ONE DEGREE LOWER THAN THE CHARGE TO WHICH HE PLED GUILTY.

POINT II

THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO DEMONSTRATE THE EXISTENCE OF NUMEROUS MITIGATING FACTORS IGNORED BY THE TRIAL COURT, BY FAILING TO ADDRESS THE INAPPLICABILITY OF AT LEAST ONE AGGRAVATING FACTOR FOUND BY THE TRIAL COURT TO EXIST, AND BY FAILING TO PRESENT A COGENT ARGUMENT REQUESTING THE TRIAL COURT IMPOSE A SENTENCE COMMENSURATE WITH A THIRD DEGREE OFFENSE.[3]

Having considered the record in light of the applicable legal principles,

we find no merit in defendant's arguments. Judge Haines's decision is fully

---

[3] For convenience and clarity, we have renumbered the point headings in defendant's brief.

A-2271-17T4

supported by the record and is legally sound. We offer only the following brief comments.

The PCR process provides a defendant a "last chance to challenge the 'fairness and reliability of a criminal verdict . . . .'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. Feaster, 184 N.J. 235, 249 (2005)). When no evidentiary hearing is held, we review de novo "both the factual findings and legal conclusions of the PCR court . . . ." State v. Harris, 181 N.J. 391, 421 (2004).

Because defendant's PCR petition is predicated on his claim that trial counsel was ineffective, he must satisfy the two-part test pronounced in Strickland by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is the defendant's burden to prove by a preponderance of the evidence that counsel's decisions about trial strategy were not within the broad spectrum of competent legal representation. See Fritz, 105 N.J. at 52.

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense to the extent that the defendant was deprived of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, defendant failed to satisfy either prong of the Strickland/Fritz test. As Judge Haines correctly concluded, defendant's trial counsel was not ineffective for failing to identify mitigating factors four, eight, and nine and certain non-statutory mitigating factors because he provided the sentencing court with the factual bases in support of those factors.

For example, at the January 16, 2015 sentencing hearing, trial counsel advised the court of defendant's PTSD and drug addiction, which PCR counsel claims are relevant to mitigating factor four.[4] Similarly, at the December 11, 2015 resentencing hearing, trial counsel stressed that the defendant had largely

---

[4] In light of this evidence, defendant's claim that "trial counsel never discussed the possibility of presenting mitigation evidence to the sentencing judge" is belied by the record. Further, although defendant submitted medical records to the PCR court, he failed to identify any medical condition contained in those documents that trial counsel failed to raise with the sentencing courts and which would have affected the outcome of the proceeding.

lived a law-abiding life, was a former Marine and had worked for the Philadelphia Fire Department - all facts which PCR counsel acknowledged are relevant to mitigating factors eight and nine. Further, as Judge Haines noted, contrary to defendant's claim, his trial counsel raised mitigating factor ten.

Defendant also failed to demonstrate that but for his counsel's alleged errors there was a reasonable probability the result of his sentencing proceeding would have been different. See Strickland, 466 U.S. at 694. To satisfy his burden of establishing a reasonable probability the results of the proceedings would have been different, defendant must establish "a probability sufficient to undermine confidence in the outcome." Ibid.

With respect to trial counsel's failure to object to the mistaken robbery conviction in defendant's pre-sentence report, any error did not result in an improper sentence, as the sentencing court did not rely on that error when defendant was resentenced. Likewise, defendant cannot establish he would have received a reduced sentence simply because counsel failed to identify the specific mitigating factors for the sentencing court. As noted, defendant's trial counsel provided the factual bases for all relevant mitigating factors which the court considered.

12

Finally, defendant argues that the PCR court erred by failing to conduct an evidentiary hearing. We disagree.

Merely raising a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22–10(b); State v. Porter, 216 N.J. 343, 355 (2013). A hearing was not required here because defendant failed to establish a prima facie case for PCR, there were no material issues of disputed fact that could not be resolved by reference to the existing record, and an evidentiary hearing was not required to resolve defendant's claims. R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2271-17T4